## DANIEL *v.* BROWN *et al.*

*(Circuit Court, D. Colorado.* February 17, 1888.)

1. FRAUD—PURCHASE OF MINING PROPERTY—CONCEALMENT.

   Plaintiff alleged in his bill that defendants, having discovered rich ore in a mine partly owned by him, fraudulently concealed this fact from his agent and co-owner, and thereby induced him to sell plaintiff's interest in the mine for much less than its value, at the same time purchasing the agent's interest in the same mine for a sum certain, with the promise of additional compensation to the agent, conditioned on the value of the ore they might take out. *Held,* that these facts, if proved, would avoid the deed.

2. SAME.

   In a suit to set aside a deed of mining property on the ground of fraud, plaintiff's evidence, on motion for a receiver and an injunction, showed that defendants had discovered ore on the mine before they bought plaintiff's interest in the mine from his agent, but he did not clearly prove that this discovery had been concealed from his agent, and failed to prove, as alleged in his bill, that defendants agreed to pay the agent additional compensation for his own interest in the mine, which they had also bought, conditioned on the value of the ore they might take out. The agent received a larger proportional price for his own interest in the mine than that he obtained for plaintiff. *Held,* that the evidence was insufficient to sustain the motion.

In Equity. On motion for injunction and receiver.

This was a suit brought by George M. Daniel against David R. C. Brown, Elmer T. Butler, James M. Downing, John C. Eames, George H. Hewitt, J. F. Downing, and J. C. Bates to set aside certain conveyances. The bill alleges that plaintiff authorized one Thomas Bracken to sell plaintiff's half interest in a certain mine for the best price he could obtain, not less than $5,000; that defendants Brown, Butler, Eames, and Downing discovered a large body of valuable ore on this mine, and, fraudulently concealing this discovery from Bracken, induced him to sell to defendant Hewitt, for their benefit, plaintiff's half interest in the mine for $5,000; that, at the same time, they purchased Bracken's quarter interest in the same mine for $3,000, and the promise of a larger sum, conditioned upon the value of the ore they might take out; and that defendants had taken $250,000 worth of ore from the mine.

*C. J. Hughes,* for plaintiff.

*Patterson & Thomas* and *J. B. Belford,* for defendants.

HALLETT, J. I think the bill in this case states facts which, if supported by evidence, would call for the relief which the plaintiff demands, and the question whether the plaintiff be entitled to any such orders as he now asks for turns upon the evidence. I think the evidence tends to prove that ore was discovered in this mine by Mr. Eames before the contract was made for the purchase of the property. I do not attach much weight to the circumstance that Mr. Bracken got more for his interest in the property, in proportion to the amount of his interest, than that which was given to the plaintiff. It often happens, among tenants in common, that one asks more for his interest in the property than is obtained by another, and, according to my observation, those who own small inter-

ests very commonly do ask more than the owners of larger interests. It is true that, under some circumstances, and especially when there is reason to believe that the agent is not acting in good faith, the fact that more is paid to him for any interest that he may have in the property than he gets for his principal may be of some value; but upon that circumstance alone I should not attach very much importance to it in reaching a conclusion as to whether fraud was practiced in the negotiation.

If, as alleged in this bill, Mr. Eames covered up the ore with a view to conceal it, and to make a better bargain than he would otherwise have been able to make, the plaintiff might, I think, avoid the sale upon that ground. But the evidence upon that point is not satisfactory. One witness testifies to it on behalf of the plaintiff, and that is met by the denials of the defendants, and by the testimony of other witnesses who appear to have had as good opportunities to know the fact as the plaintiff's witness. So, also, if there was an agreement by Mr. Brown to pay from the proceeds of the mine further and additional consideration to Mr. Bracken, that would be a fraud upon plaintiff here—would show that improper influences had been used to obtain the contract from Bracken, —and upon that the sale, as I think, might be avoided. But the evidence upon that point fails also. The plaintiff alleges it in his bill, and he recites in the affidavit which he has filed some statements that have been made by Mr. Bracken in respect to it, but that cannot be regarded as evidence. The plaintiff knew nothing of that himself, and apparently he is driven to rely upon the testimony of Braken in respect to it, and that testimony has not been given. So that, whatever the plaintiff may be able to prove upon the final hearing of this case, as alleged by him in his bill, and as he will have to maintain it if he expects relief, is not sustained in a manner which calls for any action of the court at this time, and the motion for an injuction and for a receiver is denied.