[No. 1638.]

AMES v. PATRIDGE.

1. INSTRUCTIONS—OMISSIONS CURED IN SUBSEQUENT INSTRUCTIONS.

In an action for debt where there are two theories of defense the fact that an instruction on one theory entirely omitted mention of the second is not reversible error where a subsequent instruction fully presented to the jury the second theory.

2. PRACTICE—MISCONDUCT OF COUNSEL—OBJECTIONS.

Error based on the misconduct of counsel in argument to jury will not be considered on appeal, unless such misconduct was at the time objected to and the court refused to restrain or correct counsel.

3. APPELLATE PRACTICE—HARMLESS ERROR.

The appellate court is bound to disregard all errors which do not affect the substantial rights of the parties.

*Appeal from the County Court of Arapahoe County.*

Messrs. MULLER & WEIL, for appellant.

Mr. G. K. ANDRUS and Mr. L. R. THOMAS, for appellee.

BISSELL, P. J.

This suit was brought by Eva Patridge against the appellant Ames before a justice of the peace in 1896 to recover a demand laid at $150. In the justices' court she had judgment, presumably from the statements in the brief of counsel, after a trial before a jury, and therefrom an appeal was taken to the county court. There the cause was twice tried; both times before a jury. Once there was a disagreement but the jury finally rendered a verdict in favor of Miss Patridge for $40.50. The action was for stenographic services. Further than this the history of the case is scarcely necessary, because the fact of performance is totally undisputed. It would appear that prior to the time Miss Patridge worked for Ames, he had procured her a place in another concern which kept her employed for a considerable period. That engagement ended. Ames then needing the personal services of a stenographer, the present appellee offered to perform the duty. The principal question in the case is whether or not the services were rendered gratitously under the original arrangement, or whether after the work had been done the stenographer voluntarily forgave the debt. On this question there is a conflict of testimony. The stenographer gave her version of it, and the appellant his, supporting his testimony by the evidence of his wife, but notwithstanding the apparent preponderance of this testimony, the jury found a verdict for the plaintiff for $40.50.

There are but two questions discussed by the appellant's counsel, and as we look at the record neither one of them is sufficient to entitle us to reverse the judgment. The first proposition respects an instruction to the jury. On the conclusion of the trial, the court charged the jury orally, of course by consent, for there was no objection, and in the course of it told them substantially that an offer to pay did not extinguish the debt, and unless the jury believed that, for other considerations than a money payment, the plaintiff forgave the debt, she could recover. The instruction is com-

plained of because it omitted the theory that the stenographer in point of fact volunteered her services. The objection would probably be well based, and we might be compelled to reverse the judgment on this ground but for the fact that in other parts of the charge the alleged voluntary character of the labor was taken into consideration, and the defendant's claim that they were rendered gratuitously because of past favors was put to the jury, and the jury were directly told that if they found the value of the services and that they were not rendered gratuitously their verdict must. be for a sum named. This part of the charge was followed by a statement respecting the forgiveness of the debt, and thereby both claims and both theories were squarely presented to the jury and it was quite impossible for them to have been misled respecting the issues and respecting the burden which rested on the parties. The error therefore laid on this instruction is not well urged, and is not enough to overturn the judgment.

The other error complained of respects the arguments of counsel to the jury. We do not find those arguments contained in the abstract except in an affidavit filed to support a motion made for a new trial. We have no doubt the offensive remarks were entirely foreign to the controversy, ought never to have been made by counsel who should have been promptly stopped by both court and counsel. We fail, however, to find in the abstract a direct objection to the form of the argument, nor are we advised that counsel for the appellant attempted at the time to stop the attorney from making his address, except we find a single suggestion by the court at the conclusion of the charge, instructing the jury that they were not to consider any statement of counsel as evidence, but were to be controlled solely by the testimony. Whether this was the court's own suggestion, or in response to objections, we do not know. We do know, however, that if counsel desire to base error on the misconduct of counsel in such matters, they must at the time object and the court must refuse to restrain or correct counsel. This rule seems

to be well settled by all the authorities, and since we find no evidence in the abstract other than what appears on the motion for a new trial concerning the action of counsel, we do not believe we have a right to reverse the case for this reason. We are the more ready to accept this rule and apply it to the present case because the controversy is small and however much the appellant might for personal reasons desire its reversal, we do not believe we have the right after a case has been three times tried to a jury and a verdict twice rendered in favor of the plaintiff, to set it aside on this ground when the record fails to show affirmatively anything which compels us to take this action.    It is to the interests of the people as well as of the litigants that controversies should be finally determined.    We are bound to disregard all errors which do not affect the substantial rights of the parties and we can hardly conceive the jury were misled by the arguments because their verdict was for less than one third of what the plaintiff claimed.    This very plainly establishes the fact that the verdict was not the result of prejudice but was a fair determination by the jury of what they believed to be the rights of the parties.

Discovering no errors in the record, the judgment will be affirmed.

*Affirmed.*