Wilson, J.
This action was brought by appellee Dunklee to recover for legal services claimed to have been rendered by him as an attorney at law for the defendants. Suit was originally commenced before a justice of the peace, and hence, there being no written pleadings, the issues between the parties must be determined from an examination of the evidence presented on the trial. From this, it appears according to the testimony of the plaintiff that he was employed by defendants to render certain specified legal services in proceedings pending in the courts relative to the annexation of the town of Colfax to the city of Denver, and that for such services, when rendered, the defendants specifically agreed and contracted to pay him a certain fixed and definite sum of money. The defendants admit the employment, and the amount of the fee to be paid, but allege that this payment was on condition that the sum should be raised by subscription from the citizens of the town of Colfax ; in other words, they say that if that sum could be raised by subscription, it was to be paid to plaintiff, otherwise, he was to receive only such portion of said sum as could be gotten by such subscriptions. There is no material dispute between the parties as to the rendition of the services by the plaintiff. The only issue, therefore, seems to have been whether defendants bound themselves to pay to plaintiff the stipulated sum, or whether the contract was that he was to be paid the amount conditional upon its being raised by subscription among the citizens. This was a question of fact which was resolved by the jury against the defendants; and, under the rule so often announced by the appellate courts in this jurisdiction, this court is bound by it, the verdict having been rendered upon conflicting evidence, and there being amply sufficient evidence to support it,
*339 The first assignment of error is to the effect that the court erred in admitting, over the objection of appellants, the testimony of plaintiff in regard to what the city attorney of Colfax had advised the defendants about the collection of certain bills against the town of Colfax. The only testimony to which we are referred in support of this assignment is that of the plaintiff, wherein he was stating the conversation between him and the defendants at the time the alleged contract of employment was entered into.
This testimony objected to was a part of that conversation, the whole of which under familiar principles the plaintiff was entitled to detail. It was probably not material at all to the issues involved, but, even if its admission was error, we cannot conceive how it was prejudicial in the slightest respect to the interests of defendants. It may be well here to state, plaintiff introduced some testimony in support of what seems to have been an effort on his part to show that even if it should be held that payment of the sum was conditional upon its collection from the town or its citizens, that a sufficient amount had been collected. With this view apparently, he called as a witness in his behalf the deputy city clerk of the city of Denver, who gave some testimony as to the contents of the records of the town council of Colfax, which had then come into possession of the Denver city authorities. Defendants assign error upon the admission of this testimony. It appears, however, in the abstract, that at the conclusion of this witness’s testimony, the court struck out the whole of it, and instructed the jury to entirely disregard it.
Defendants also predicate error upon the admission of some testimony given by the city treasurer of Denver in regard to certain records of warrants of the town of Colfax, showing that at a certain time a warrant of the town had been issued to defendant Corbin for a certain sum, and had been paid. We do not see how this was material or relevant under the issue to be tried, but its admission was harmless error in any event, and especially in view of the instruction of the court *340 to which we refer hereafter. This also sufficiently answers the defendants’ contention that the court erred in admitting in evidence certain exhibits introduced to show that the warrant so issued to Corbin had been paid.
Defendants also claim that the court erred in allowing plaintiff’s attorney to state to the jury in his closing argument, over their objection, that the city attorney of Colfax, who was co-counsel with the plaintiff, had received something over $400, while the plaintiff had only received $33.50. We find nothing in the abstract nor in the record upon which this assignment could be based. There is nothing therein to show that the plaintiff’s attorney made any such statement, or that any objection thereto was raised by defendants. Even if such remarks were objectionable, and they had been made, it was the duty of counsel, in order to have made the matter available on appeal, to have promptly made objection at the time, and to have requested the court to instruct the jury to disregard them. Schmidt et al. v. Bank, 10 Colo. App. 261.
The court in its instructions, which were not excepted to by either party, clearly stated to the jury the claims of the respective parties, and the issue between them, informing them that the only question to be considered by them was whether a contract had been entered into -by the parties as claimed by plaintiff, and that the plaintiff had performed its conditions on his part.
Being unable to discover any errors in the trial in the county court by which the defendants could by any possibility have been prejudiced, we are compelled to affirm the judgment, and do so without reluctance, because it appears that there have been two trials of this cause, and each has resulted in favor of the plaintiff.

Affirmed.