[No. 2061.]

WAID v. HOBSON.

1. **Practice—Trials—Discretion of Court—Reading Pleadings to Jury—Harmless Error.**

The details of the trial are largely within the discretion of the court, and it is not an abuse of that discretion to permit a defendant to read the pleadings to the jury where it does not appear that plaintiff was harmed by such reading.

2. **Same—Objections.**

Where the defendant, in his opening statement, read to the jury the complaint and answer, if the plaintiff objected to the reading, he should have made his objection before the complaint was read. After the complaint was read to the jury, common fairness required the reading of the answer, and an objection to its reading was properly overruled.

3. **Practice—Objections.**

An objection to the reading of a pleading to the jury without stating a reason for the objection is worthless, and it is not error to overrule it.

**4.  Contracts—Oral Evidence to Impeach Written Contract.**

Evidence of conversations between the contracting parties prior to and pending the execution of a written contract is admissible in evidence, where such evidence has no reference to the contents of the written contract, but its purpose is to impeach it.

**5.  Evidence—Immaterial—Harmless.**

The admission of immaterial evidence is not reversible error if such evidence is harmless.

**6.  Bonds—Sureties—Guaranties.**

An oral guaranty, given by the obligee in a bond to a surety on the bond to induce the surety to sign the bond, is not void.

**7.  Same—Promise to Answer Debt of Another.**

Where plaintiff, who held a bill of sale to certain cattle, transferred the bill of sale in consideration of the conveyance to him of real estate, and took a bond from the grantors to satisfy an incumbrance on the real estate, and in order to induce defendant to sign the bond as a surety, represented to defendant that he was the owner of the cattle and had left them in the possession of the party who executed the bill of sale, and offered to assign the bill of sale to defendant, so that he might protect himself, and gave defendant his oral personal guaranty that the cattle were as he had represented them, and would be turned over when called for, the guaranty was an original contract and not a promise to answer the debt of another, and in an action by plaintiff upon the bond a failure of plaintiff's guaranty was a valid and good defense.

**8.  Bonds—Sureties—Guaranties—Fraud—Instructions.**

In an action upon a bond where the surety defended by alleging that he was induced to sign the bond by the personal guaranty of plaintiff of the existence of certain facts which would protect defendant from liability, and alleging a breach of the guaranty, the court properly refused an instruction on the question of fraudulent representations, although the instruction was a correct statement of the law in cases where relief is sought on that ground.

**9.  Same—Statu Quo.**

In an action against a surety on a bond, the defendant alleged that he was induced to sign the bond as a surety by the personal guaranty of plaintiff that he was the owner of certain cattle to which he held a bill of sale, and which bill of sale he assigned to defendant, and alleged a breach of the guaranty. The evidence showed that the bill of sale had been lost. Held, that an instruction requested by plaintiff that, to enable defendant to

avail himself of the defense of failure of consideration, he must return the bill of sale, was properly refused.

**10. Same—Enquiry.**

In an action by the obligee against a surety on a bond where defendant alleged that he was induced to sign the bond by the personal guaranty of plaintiff that he was the owner of certain cattle to which he held a bill of sale and which bill of sale he assigned to defendant, it was not incumbent on defendant to make any enquiry as to the truth or falsity of plaintiff's statements, and an instruction requested by plaintiff, that if defendant could have protected himself against the false representations of plaintiff by ordinary care and prudence he could not avail himself of the defense of fraud, was properly refused.

*Error to the District Court of Pueblo County.*

Mr. W. W. DALE and Messrs. CRANSTON, PITKIN & MOORE, for plaintiff in error.

Messrs. PATRICK & PRIGMORE and Mr. J. H. McCORKLE, for defendant in error.

THOMSON, J.

Suit by the plaintiff in error on a bond executed by Sophy D. Saufley and Robert C. Saufley, as principals, and the defendant in error, as surety. The bond was conditioned for the satisfaction and extinguishment by the principals of an incumbrance upon real estate sold and conveyed by them to the plaintiff, which condition was alleged to have been broken. The only answer in the case was made by the surety. It alleged that the consideration of the conveyance to the plaintiff was the sale by Orin C. Waid, the plaintiff's husband, to the Saufleys, of a herd of cattle in New Mexico, of which he represented himself to be the owner by purchase from one Miguel Salazar, in whose care he had left them, at Las Conchas ranch; that this defendant became surety for the Saufleys at the solicitation of Mr. Waid, who affirmed, as of his own knowledge, the truth of his representations to the Saufleys, and, to induce Hobson

to become such surety, offered to assign the bill of sale from Salazar to him, to enable him to protect himself as surety by taking the cattle into his own possession, and selling a sufficient number to discharge the obligation, delivering the residue to the Saufleys, and gave Hobson his personal guaranty that the cattle were where he had represented them to be, and that they would be turned over to Hobson when called for; that thereupon Hobson affixed his signature to the bond; that thereafter Hobson, by his agent, demanded of Salazar the cattle mentioned in the bill of sale, but failed to receive them or any of them; and that Salazar did not have the cattle, nor any of them, at Las Conchas ranch, or elsewhere. The reply was a general denial. The trial resulted in a verdict and judgment for the defendant. The plaintiff brings the record here by writ of error.

The testimony was conflicting, but there was enough to sustain the verdict; and if no error occurred at the trial, and the case was properly submitted to the jury, the judgment must be affirmed. The plaintiff alleged error in the following particulars: First, the opening and closing were conceded to the defendant. In his opening statement, defendant's counsel read the pleadings to the jury. The plaintiff's objection to the reading of the defendant's answer was overruled. Second, conversations between one A. C. Bartow and Mr. Saufley, and between Orin C. Waid and Mr. Saufley, prior to the execution of the bond, were admitted in evidence against the objection of the plaintiff. Third, the objection of plaintiff to evidence of the oral guaranty given by Mr. Waid to Hobson was disregarded. Fourth, the court refused an instruction which, so far as we can see, was a correct statement of the law in a case where relief is sought on the ground of false and fraudulent representations; it refused an instruction

that to enable the defendant to avail himself of the defense of failure of consideration, he must return the bill of sale. It refused to instruct that the guaranty given by Mr. Waid to Hobson was void in law, and it declined to say that if the defendant could have protected himself against the false representations of Mr. Waid by ordinary care and prudence, he could not avail himself of a defense of fraud.

1.   The details of the trial are largely within the discretion of the trial court. It does not appear that the court abused its discretion by permitting the answer to be read, or that the plaintiff was harmed by the reading. Further, the plaintiff acquiesced in the reading of the complaint; and, as that was before the jury, common fairness required the reading of the answer also. Still further, the abstract shows that no reason was given for the objection to the reading of the answer. In a trial, an objection, without a reason, is worthless. To simply say "I object," amounts to nothing.—*Higgins v. Armstrong*, 9 Colo. 38; *Nelson v. Bank*, 8 Colo. App. 531.

We find no error here.

2.   Bartow was the agent of Waid to dispose of the bill of sale, and the conversations between him and Saufley, and also that between Mr. Waid and Saufley, took place while the negotiations which resulted in the conveyance to Waid, and the transfer of the bill of sale to Hobson, were pending, and related to the particulars of the transaction. The evidence was not objectionable as tending to vary or contradict the terms of a valid written instrument. It had no reference to the contents of the bond. It struck deeper. The purpose of its introduction was to impeach the bond; and the position of the plaintiff, in relation to the evidence, is untenable.—1 Greenleaf on Evidence, § 284.

But whatever might have been the importance

of the conversations if the Saufleys had been in court, they were of no special benefit to this defendant. However, if they were immaterial, they were harmless.

3. The oral guaranty of Waid was not void in law. It was the consideration upon which Hobson signed the bond. It was not the Saufleys, but Waid, who prevailed upon Hobson to become surety. The latter was to derive no advantage from the transaction; and it was not until, by the guaranty of Waid, he believed himself protected against loss, that he affixed his name to the instrument. Plaintiff's counsel seems to think the guaranty was a promise to answer for the debt or default of Salazar. If he has given a reason for his belief, we have failed to understand him. The guaranty was an original contract between Waid and Hobson, whereby, in consideration of Hobson's signature, Waid warranted the existence of conditions which rendered loss to him impossible. If Waid gave the guaranty, believing that it was of no effect, but that Hobson could not escape from his signature, after having, in reliance upon the guaranty, affixed it to the bond, he was the victim of a mistake.

4. The refusal of the court to instruct, as requested, was eminently proper. This defendant relied upon the breach of Waid's guaranty, and not upon any fraudulent practices of which he may have been guilty, and no instruction relating to fraud was necessary. Indeed, as to this defendant, it would have been improper. The evidence showed that the bill of sale had been lost, and therefore could not be returned. It was not incumbent upon Hobson to make inquiry, or use any care or diligence to protect himself against the possible falsity of Waid's statements. He had Waid's positive personal guaranty, and that was enough. As we have seen, that

guaranty was valid, and to give the instruction requested by the plaintiff that it was not, would have been gross error.

The instructions which the court gave accord with the views expressed in this opinion; and as the record is otherwise free from error, the judgment must be affirmed.                    *Affirmed.*