[No. 4263.]

HAGERMAN ET AL. V. BATES ET AL.; BOLLES V. BATES ET AL.

1. **Contracts—Specific Performance—Burden of Proof.**

Where an action is brought to enforce the performance of an alleged agreement, the burden is upon the plaintiff to establish by a preponderance of evidence the existence of such agreement.

2. **Appellate Practice—Findings of Trial Courts—Evidence Given at Former Trial.**

The finding of a trial court upon testimony of witnesses given at a former trial of the same cause is not conclusive upon the reviewing court, but such testimony will be considered by the appellate court uninfluenced by the finding of the trial court.

*Appeal from the District Court of Arapahoe County.*

Mr. HUGH BUTLER and Mr. CHAS. S. WILSON, for appellants.

Messrs. THOMAS, BRYANT & LEE, for appellees.

Mr. JUSTICE STEELE delivered the opinion of the court.

From a judgment in favor of the defendants the plaintiffs appealed to the court of appeals. The court of appeals affirmed the judgment (5 Colo. App., 391). The plaintiffs appealed to this court, where the judgment of the court of appeals was reversed and the cause remanded with instructions to direct the district court "to grant a new trial upon the following issue of fact only: What was the contract of settlement made between the owners of these two claims, or their agents and representatives, when the action in the district court of Pitkin County was dismissed?" 24 Colo., 71.

Pursuant to the mandate of this court, a trial of the cause was had before the district court of Arapahoe county, without a jury, and, by agreement of counsel, all the evidence of the former trial was reintroduced. The transcript of the testimony used in the former trial is attached to and made part of the bill of exceptions in this case. Upon the last trial, depositions were read, witnesses examined, and some of the witnesses of the former trial re-examined. February 9, 1900, Hon. Calvin P. Butler, one of the judges of the district court of Arapahoe county, rendered judgment in favor of the defendants, and in the course of his opinion said: "I am satisfied, after having given this matter careful consideration, that there is not such a preponderance of evidence on the part of plaintiffs in the case as to warrant me in finding for them. I shall adopt the defendants' theory of this case, and find that the Moody contract was the contract upon which the suit was dismissed."

From the judgment plaintiffs appealed to this court.

The locators of the Bonnybel claim had included within their location a portion of the territory of the

Little Giant. The claims lie in Pitkin county. The Little Giant locators protested the Bonnybel's application for patent and within thirty days thereafter commenced an adverse suit in the district court of Lake county, but summons was not served. A certificate of the clerk of the district court of the county where the claims were situated being filed in the land office, the receiver issued his receipt to the locators of the Bonnybel for the Bonnybel claim. Subsequently an action in ejectment was begun by the owners of the Little Giant against the owners of the Bonneybel for the land in conflict. Judgment was rendered in the ejectment suit in favor of the plaintiffs, but upon motion was set aside as to two of the defendants, owners of three-fourths' interest in the Bonnybel. While their affairs were in this condition, the claimants of these properties, in person or by attorney, effected a compromise agreement by the terms of which all pending suits against the owners of the Bonnybel were to be dismissed, and the Bonnybel owners, within thirty days after patent, were, by proper deed, upon payment of a hundred dollars by the owners of the Little Giant, to convey to the owners of the Little Giant a portion of the Bonnybel. The present controversy is as to the precise terms of this agreement. On behalf of the appellant it is contended that a portion of the Bonnybel was to be conveyed to the then owners of the Little Giant in fee, and a certain other portion, adjoining the portion to be conveyed in fee, was to be conveyed for dumping purposes. The appellees admit that by the terms of said agreement certain portions of the Bonnybel were to be conveyed to the then owners of the Little Giant, but contend that all minerals within said area, as well as the right of prospecting for the same, were expressly reserved. This suit was brought to enforce the performance of the agreement alleged by the

appellants to have been made; and the burden was upon them to establish by a preponderance of the evidence the existence of such agreement.

The assignments of error relied upon by the appellants to reverse the judgment are those which allege that the court erred in finding for the defendants, and in not finding in favor of the plaintiffs. The appellants claim that the judgment is against the weight of the evidence and insist that the claims of the defendants are so improbable, and the statements of the witnesses for the defendants so inconsistent and contradictory, that they should be rejected. It is true, as asserted by counsel, that the testimony of the witnesses is contradictory and inconsistent; but such defects are not by any means confined to the testimony of the defendants, nor have the witnesses for the parties, while giving their testimony, kept probability in view. The agreement or stipulation which the plaintiffs contend was executed by the respective parties has not been produced. It is claimed by them that a memorandum of the agreement was left with an attorney by the name of Moody, for the purpose of preparing a contract to be signed by all the parties. According to the plaintiffs' witnesses, this document was last seen in the office of the clerk of the district court of Pitkin county. One of the witnesses for the plaintiffs testified that he prepared the agrement; that it was signed in his presence; that he made a memorandum of the amount of land to be conveyed by the Bonnybel owners to the owners of the Little Giant, but that the memorandum was destroyed. Another witness for the plaintiffs testified at the last trial that he saw the contract or agreement in the clerk's office of the district court of Pitkin county and made a copy of it, but that he has been unable to find the copy so made by him. At the former trial, Joseph W. Taylor testified that Charles R. Bell, an attorney at law, pre-

pared the stipulation and agreement, that it was signed by the respective parties or their attorneys, and that he, the day after the execution of the agreement, went before the district court of Pitkin county and at that time had the agreement in his hand; that pursuant to the stipulation, he procured an order from the judge of the district court dismissing the suits then pending; that he left the said stipulation upon the desk of the clerk of the court; and that he has not seen it since. The witness Bell testified that he was in the court room when the case was dismissed; saw the attorney have what he thinks was the stipulation; saw it laid on the desk, and afterwards saw the same paper in the possession of Moody; heard Moody say to Taylor that he would take the stipulation and prepare a contract for the parties themselves to sign, and that Mr. Taylor said "All right;" that the understanding between the parties was that Moody should take the paper and prepare a contract from it. Several witnesses were produced by the plaintiffs who testified that they were present at the meeting when the terms of the agreement were being discussed and that they were also present when the stipulation or agreement was signed. These witnesses also testify in substance to the agreement as claimed by the plaintiffs.

In nearly every detail these witnesses are contradicted by the witnesses Moody and Moore. Moody and Moore say they were present when the agreement was signed; that the agreement which was the basis of the settlement was prepared by Moody. And a document dated and acknowledged on the day all agree the settlement was made was produced. By the terms of this agreement all the minerals within the surface area described are reserved to the owners of the Bonnybel.

Counsel for the appellees contend that the judg-

ment should not be reversed; that as there was legal and competent evidence to support the finding, it should not be disturbed. A great portion of the evidence received during the last trial consisted of the testimony of the witnesses given at a former trial. This portion of the evidence it is our duty to sift and weigh, with a view to a just determination of the issue, uninfluenced by the finding of the trial court.

To the testimony of the witnesses for the appellees called during the last trial is added the weight of the finding of the court. The testimony of the witnesses for the appellant was discredited by the finding. Thus crediting and discrediting the oral testimony, we might sustain the judgment by the application of the rule contended for by the appellees. We have not, however, relied upon the finding of the trial court, but have, with some care, read the entire record. We shall not attempt to point out the inconsistencies in the testimony of the witnesses to the transaction, nor dwell upon the improbabilities of their stories. Enough is said when we state that in no case reviewed by this court in recent years has the testimony concerning a single transaction been so inconsistent and unsatisfactory. After a careful consideration of all the evidence, disregarding the finding of the trial court, we cannot say that the plaintiffs have established their claim to the property in controversy by a preponderance of the evidence.

The judgment is therefore affirmed.

*Affirmed.*