### No. 9373.

### CARLSON v. AKEYSON.

1. APPEAL AND ERROR—*Findings Below—Effect.* Where the evidence heard below is a mere transcript of the testimony given at a former trial, the court of review is not concluded by the findings of the trial court.

2. FRAUD—*False Representations Recklessly Made,* even though without knowledge of their falsity, entitles one who acts in reliance thereon, to his injury, to relief.

3. —— *Pleading.* One seeking the cancellation of a promissory note, the execution of which was obtained by fraud, need not always aver in express terms that he would not have executed the document but for the false representations.

The complaint averring that plaintiff "relied upon the representations of defendant, and thereupon at request of defendants executed the note," with other allegations to like effect was held sufficient.

If it is manifest that the false representations were material to the transaction this need not be expressly averred.

4. —— *Tender of Thing Received by Plaintiff,* need not be expressly averred. Where, such tender being made at the trial it is refused by defendant upon grounds manifesting that it would have been refused, even if made previous to the institution of the action, the omission to make or aver a tender, in the beginning, was held unimportant.

5. —— *Plaintiff's Failure to Investigate,* excused, in view of the circumstance of the transaction shown in the record.

*Error to Alamosa District Court, Hon. A. Watson*
*McHendric, Judge.*

Mr. FRED D. STANLEY, Mr. W. W. PLATT, for Plaintiff in error.

Mr. JAMES D. PILCHER, Mr. ALBERT L. MOSES, for defendent in error.

Opinion by Mr. Justice Allen:

THIS is a suit which was brought by Mary E. Akeyson

against C. H. Price, A. W. Carlson, and the Public Trustees of Alamosa and Costilla counties, for the purpose of securing the cancellation of a promissory note and deed of trust given by the plaintiff to the defendant Carlson. The trial court rendered a judgment in favor of plaintiff. The defendant Carlson brings the case here for review, and asks that the writ or error herein be made to operate as a supersedeas.

Practically all of the evidence received at the trial consisted of a typewritten transcript of the testimony which had been given by the witnesses at a former trial of this case. Under this situation, we are not bound by the findings of the trial court in considering the main contention of the plaintiff in error, which is, that the judgment is contrary to the law and the evidence. *Hagerman v. Bates,* 30 Colo. 89, 94, 69 Pac. 526.

Upon a review of the evidence, and endeavoring to remain uninfluenced by the findings of the trial court, we are of the opinion that a preponderance of the evidence is in favor of the plaintiff, and that the judgment of the trial court is right.

The testimony discloses that some time prior to October, 1912, both the defendant Carlson and the plaintiff became interested in The Rio Grande Development Company, as a result of the efforts and representations of the defendant Price. In a pamphlet which Price gave to the plaintiff it was represented that

"The total number of acres owned by the Rio Grande Development Company is 80,000, and 20,000 acres of this is irrigable land that can be watered at a very small cost. * * * There is also mineral lands of great value included in the holdings of this Company. We have some valuable coal deposits in the mountains at the east of this land. The veins of coal are anywhere from 14 inches up to six feet in width."

The testimony warrants the inference that Carlson and Price, shortly prior to the date above mentioned, desired to obtain certain stock in the company which was held by one Gordon, at Spokane, Washington. Price was without

means, and Carlson was not willing to risk his money in the enterprise. The. defendant Price induced the plaintiff, a woman without much business experience, to contemplate aiding him in securing the Gordon stock by giving a trust deed upon her land. This fact evidently became known to Carlson, through Price. Thereafter, and on or about October 31, 1912, Carlson came to the home of the plaintiff, and, according to the testimony of the plaintiff, assured her that the company had good title to the real estate which it assumed to own. Relying upon that assurance as well as upon the representations theretofore made by Price, the plaintiff delivered to the defendant Carlson the note and trust deed involved in this suit. It is claimed by the plaintiff in error, the defendant Carlson, that in consideration of the note and trust deed. Carlson advances $3,000 to the plaintiff. The circumstances disclosed by the evidence, however, lead us to the conclusion that Carlson advanced no money whatever to the plaintiff, in any manner, but advanced the $3,000 to the defendant Price, in the manner hereinafter mentioned. The money was deposited by Carlson himself in a local bank. The plaintiff had nothing whatever to do with the disposition or control of this money, and never received any of it. The bank itself regarded the deposit as a part of a transaction called by its cashier, "the Price-Gordon and Carlson deal." Only $1,000 of this deposit was used in procuring the Gordon stock. The remaining $2,000 was credited to the wife of the defendant Price, Mary E. Price, who does not appear to have been in any manner concerned with the transaction. Mrs. Akeyson, the plaintiff, received 10,000 shares of stock in the company, and the defendant Carlson received 15,000 shares, as a result of the "Price-Gordon and Carlson deal." The stock was worthless, and the plaintiff never received anything of value whatever for her note and deed of trust. The evidence warrants the conclusion that the company never owned the land which it claimed to possess, nor any part of it. If the defendant Carlson did not actually know this fact at the time he obtained the note and trust deed,

he nevertheless made his representations to the plaintiff in reckless disregard of their truth or falsity.

Notwithstanding the testimony given by Carlson in his own behalf, we are of the opinion that the evidence lends support to the theory of counsel for plaintiff, to the effect that Carlson advanced $3,000 for the benefit of the enterprise or the company, hoping to profit greatly if the venture proved successful, and if a failure, intending to be fully protected and reimbursed by reason of the note and trust deed obtained from the plaintiff.

It is also contended by the plaintiff in error that the complaint fails to state a cause of action. The first ground for this contention is that

"it is nowhere stated in the complaint that when she (the plaintiff) signed the trust deed and note sought to be cancelled, the plaintiff acted in reliance upon any representations made to her by Price or Carlson."

Such allegations, however, need not always be made in express terms, and it is not necessary to allege expressly that plaintiff would not have taken the action which he or she did but for the false representations. 20 Cyc. 102. The complaint alleges that the plaintiff relied on the representations of the defendants, and that thereupon and at the request of the defendants, the plaintiff made, executed and delivered the note and trust deed in question, and by other allegations in the complaint it is clearly evident that the complaint alleges facts showing that plaintiff acted upon the alleged false representations to her damage. The complaint is good when tested by the objection above mentioned.

The second ground taken for insisting that the complaint fails to state a cause of action is that "it is not stated anywhere in the complaint that the representations set forth therein were material representations."

It is not necessary that there be an express averment to this effect. It is sufficient if it appear from the complaint, taken as a whole, that the representations related to a material fact and not to some mere collateral matter. We

find the complaint not objectionable on the ground last referred to.

In other respects we find the complaint good under the rules stated in *Kilpatrick v. Miller*, 55 Colo. 419, 135 Pac. 780, to which case the plaintiff in error calls our attention.

It is also urged that the complaint is defective because it

"shows that Akeyson (the plaintiff) has received a valuable consideration from Price (one of the defendants) for her money and no tender thereof prior to the commencement of this action is alleged, and no tender thereof is made in the complaint."

The "valuable consideration" referred to consists of certain shares of stock in The Rio Grande Development Company. It appears from the complaint, and also from the evidence, that all the parties regard this stock as worthless. The record shows, furthermore, that at the trial the plaintiff tendered the stock in court, and thereupon the defendant Carlson declined the tender, on the ground that he never owned and never had any interest in the stock, and the defendant Price refused the tender "for reasons that he did not get the mortgage or note mentioned in the complaint, the return of which is demanded." The decree provides that the stock be returned to the defendants. The circumstances above mentioned sufficiently show that a tender by plaintiff at any time would have been futile, and the stock declined by both above named defendants. The plaintiff in error was not, in the least degree, prejudiced by the failure of the plaintiff to make proper allegations with reference to tender, and is not entitled to a reversal of the judgment on any such ground.

Counsel for plaintiff in error also assert that

"the complaint fails to state a cause of action in that it fails to show that plaintiff was in any manner prevented from investigating the truth of the representations made to her."

Under the facts existing in this case, we do not think that there is merit in this contention. See *Zang v. Adams*, 23 Colo. 408, 411, 48 Pac. 509, 58 Am. St. 249.

The application for a supersedeas is denied and the judgment affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.