No. 11,120.

HANSON v. CHAMBERLIN, ET AL.

Decided February 2, 1925.

Action to cancel conveyance of mining property. Judgment for defendants.

*Reversed.*

*On Application for Supersedeas.*

1. PLEADING—*Sale—Fraud—Rescission.* Allegations of a complaint in an action to rescind sale of mining property reviewed, and held to state good grounds for rescission.

2. FRAUD—*False Representations—Facts, Opinions.* In fraud cases a false statement of value, if of fact is actionable, a mere statement of opinion is not.

3. COADVENTURERS—*Duty.* The concealment or failure of one coadventurer to notify another that there was pay ore in a mine in which all were interested, held an actionable failure of duty.

4. *Relation.* There is a trust relation between coadventurers.

5. SALES—*Fraud—False Representations.* Subject discussed and authorities cited.

6. RESCISSION—*Fraud.* Cited authorities holding that persons with opportunity by ordinary care to know, are presumed to know, relate to laches and statutes of limitation, and not to the right to rescind for deceit.

7. FRAUD—*Rescission.* In actions for rescission on the ground of fraud, a defendant cannot say that plaintiff ought not to have trusted to his statements, when he might have learned their falsity.

8. PLEADING—*Deceit.* In an action for rescission for deceit, the contention that the complaint was bad because lacking in certain specified allegations, overruled.

9. *Complaint—Faulty—Demurrer.* Objection that the allegations of a complaint are uncertain, indefinite and ambiguous, must be raised by demurrer.

*Error to the District Court of Clear Creek County, Hon. Samuel W. Johnson, Judge.*

Messrs. SABIN & MCGLASHAN, Mr. JAMES N. SABIN, for plaintiff in error.

Mr. FRED L. COLLOM, Mr. JOHN J. WHITE, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

HANSON was plaintiff below. His complaint contained two counts. A general demurrer was sustained to each count; he elected to stand, judgment was rendered against him and he brings error and moves for supersedeas.

The purpose of the suit was to cancel a conveyance or assignment by plaintiff to defendant McLenon of a one-fourth interest in an option on certain mining property in Clear Creek county.

Eliminating the unnecessary parts of the first cause of action, it states that plaintiff and certain of the defendants were tenants in common of the mines, together engaged in developing them on a lease and option; that defendants Chamberlin, Stark, McLenon and The Elmwood Mining and Exploration Company conspired to get plaintiff's interest at less than its value, and, pursuant to their conspiracy, being in possession of and working the mines, they represented to him that the property was of very little value, that the value was entirely speculative, that no ore of paying value or in paying quantities had been discovered thereon, that they and each of them were discouraged and disappointed in not finding ore in paying quantities and that they wished to sell their interest at a very small price; that plaintiff believed and relied on these statements and sold and transferred his interest to McLenon for himself and his co-conspirators for $1,000, and other considerations immaterial here; that the representations were false and known by defendants to be false; that said lease and option was of very great value, to wit, two hundred

and fifty thousand dollars; that the value thereof was not speculative but was proven; that rich ore of paying value and in large and paying quantities was in and on the property; that defendants kept plaintiff in total ignorance thereof; that upon the discovery of the falsehood plaintiff elected to rescind and tendered restitution which was refused and is now tendered into court.

There can be no question but that here is good ground for rescission. The statement that there was no pay ore was a statement of an existing fact. The statement of value if of fact was actionable, though if of opinion not. *Bank v. Hammond,* 25 Colo. 367, 55 Pac. 1090. The concealment or failure to notify their co-adventurer that there was pay ore was an actionable violation of a duty. *Moe v. Lowry,* 69 Colo. 371, 194 Pac. 363; *Daniel v. Brown,* 33 Fed. 849. There was a trust relation between the parties. *King v. Wise,* 43 Cal. 628; *Garr v. Boswell,* 18 Ky. Law Rep. 814, 38 S. W. 513. In general as to false representations by purchasers, see *Livingston v. Peru Iron Co.,* 2 Paige, (N. Y.) 390; *Caples v. Steel,* 7 Ore. 491; *Crompton v. Beedle,* 83 Vt. 287, 75 Atl. 331, 30 L. R. A. (N. S.) 748, Ann. Cas. 1912A, 399; *Burrows v. Fitch,* 62 W. Va. 116, 57 S. E. 283.

The second count is the same but with reference to the sale or surrender by plaintiff to defendants of his interest in certain deferred payments that might become due from McLenon to plaintiff in respect of McLenon's former purchase of an interest in said property. The sufficiency of this count is clear.

*Woodruff v. Williams,* 35 Colo. 28, 85 Pac. 90, 5 L. R. A. (N. S.) 986, and *Pipe v. Smith,* 5 Colo. 146, and kindred cases, holding that persons with opportunity by ordinary care to know, are presumed to know, relate to laches and statutes of limitation, not to the right of action or to rescission for deceit. There the rule is that the defendant cannot say that the plaintiff ought not to have trusted to his statements when he might have learned their falsity. 26 C. J. 1136 and 1146; *Waid v. Hobson,* 17 Colo. App.

54, 67 Pac. 176; *Zang v. Adams,* 23 Colo. 408, 48 Pac. 509, 58 Am. St. Rep. 249; *Crompton v. Beedle, supra; Colorado Co. v. Beuchat,* 48 Colo. 494, 497, 498, 111 Pac. 61.

It is said that the complaint is bad because there is no allegation of what the property has produced or that plaintiff ever tried to go into the tunnel or workings or that he had no other information; and because the plaintiff's tale is improbable and because plaintiff had access to the mines and could have ascertained the truth. None of these matters are of vital consequence in a cause of action for deceit. See the cases above cited.

It is claimed that allegations are uncertain, indefinite and ambiguous, but there was no demurrer on that ground.

Supersedeas denied and judgment reversed with directions to overrule the demurrer and proceed with the case.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.