## No. 11,995.

COLORADO MORTGAGE COMPANY *v.* WILSON, ET AL.

Decided January 16, 1928.

Action for damages for fraud and deceit. Judgment for plaintiffs.

### *Affirmed.*

#### *On Application for Supersedeas.*

1. FRAUD—*Strangers.* A fiduciary relationship between plaintiff and defendant is not necessary to maintain an action for damages based on deceit. A victimized stranger may obtain relief.

2.      *Misrepresentations.* In an action for damages for fraud by misrepresentations, it is no defense to answer that plaintiff ought not to have trusted to the statements of defendant because he might have learned of their falsity.

3.      *Actions.* Where plaintiff was fraudulently induced to sign promissory notes which later fell into the hands of innocent third parties, action for damages was a proper remedy.

4.      *Misrepresentations—Damages.* Fraudulent representations inducing plaintiff to sign notes for $8,625 in excess of the amount of money borrowed by him, held material and damaging.

5.      APPEAL AND ERROR—*Judgment—Sufficiency.* On review, the Supreme Court will not inquire into the sufficiency of the judgment where the prevailing party does not complain of it.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Sackmann, Judge.*

Mr. CHARLES S. THOMAS, Mr. GEORGE K. THOMAS, Mr. CHARLES E. WORKS, for plaintiff in error.

Mr. CHARLES R. ENOS, Mr. HAROLD H. HEALY, Mr. THEODORE A. CHISHOLM, for defendants in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ACTION to recover damages for fraud and deceit. Trial to jury; verdict and judgment for plaintiff. Defendant brings the case here and asks for a supersedeas. Plaintiff in error (defendant below) will be referred to as defendant, and defendants in error (plaintiffs below) as plaintiffs.

The fraud complained of was that defendant's officer and agent falsely and fraudulently represented to plaintiffs the terms of a certain mortgage, and the character and amount of the notes secured thereby, which plaintiffs were led to sign. The acts complained of are fully

pleaded and cover the essential allegations based on fraud.

The transaction involved a long real estate mortgage with intricate provisions, and 65 promissory notes. Plaintiffs' testimony shows that defendant's representative led plaintiffs to believe that eight of such notes, aggregating the sum of $8,625, were only interest notes, whereas in truth and fact they were principal notes, and to the extent of $8,625, were in excess of the amount that plaintiffs supposed that they were borrowing, and did borrow. At times, defendant designated these excess notes as ''subordinate notes,'' which really meant that they constituted a second lien on the real estate, secured by the same mortgage, instead of interest notes on the principal secured by first lien for $52,500, as represented by defendant.

Plaintiffs, who are husband and wife, are well advanced in years, and were unfamiliar with a complicated real estate transaction such as this. They therefore wished to employ an attorney, and so informed the agent, but he dissuaded them and told them ''it was nothing but a straight loan for $52,500, and no more.'' The 65 notes signed were in the total sum of $61,125. These numerous papers required the signatures of both plaintiffs; the agent hurried matters and offered to read the mortgage to plaintiffs, as he then said, ''to expedite matters,'' and pretended to read it, but in doing so omitted material matters, and caused plaintiffs to believe that they were signing something different from that which the papers actually called for.

Defendant denies plaintiff's most serious charges, and claims that the additional notes amounting to $8,625 were for brokerage and expenses in procuring the loan, but plaintiffs assert that they did not promise to pay any such amount for fees or expenses.

1. The evidence was sufficient to justify the verdict. Plaintiffs were disarmed by defendant's representations; they relied, and had a right to rely, on them, and acted

thereon to their injury. It is argued by counsel for defendant that even if plaintiffs' testimony is true, still they had no right to rely on defendant's statements because there was no fiduciary relationship between them. We do not look on it this way. It may sometimes be easier to deceive a friend, but the idea that one may filch property from another just because the victim is a stranger is a bandit custom that courts have repeatedly discountenanced. The offender will not be heard to say that there is no remedy because the injured person was too easily duped. It is not a good defense to answer that plaintiffs ought not to have trusted to the statements of defendant's agent because plaintiffs might have learned of their falsity. *Hanson v. Chamberlin,* 76 Colo. 562, 564, 233 Pac. 830; *Waid v. Hobson,* 17 Colo. App. 54, 67 Pac. 176; *Zang v. Adams,* 23 Colo. 408, 48 Pac. 509, 58 Am. St. Rep. 249; *Colo. Inv. Loan Co. v. Beauchat,* 48 Colo. 494, 501, 502, 111 Pac. 61; *Carlson v. Akeyson,* 65 Colo. 35, 39, 172 Pac. 1058.

2. In 26 C. J. 1147, [§ 66] bb, it is said: "Since the very purpose of fraud is to cheat its victim by making him neglect the precautions essential to prevent injury, and to deny relief because the victim was negligent would encourage dishonesty, it is generally held in cases of the character described above that the fraud feasor will not be heard to say that he is a person unworthy of belief and that plaintiff was negligent in trusting him and was cheated through his own credulity."

The above quotation is supported by innumerable cases from all over the United States and is the rule adopted in this state. *Kruger v. Smith,* 82 Colo. 380, 260 Pac. 97, is relied upon by defendants, but unwisely, for the facts of the instant case were not present there. The Kruger case and other citations of defendant's counsel do not sustain their proposition. For instance, they cite *Howry v. Sigel-Campion Livestock Co.,* 80 Colo. 143, 249 Pac. 658, but we took pains to say there, at page 149 of the opinion, that there was no plea of fraud or other valid

defense to the instrument, and without such plea the mere fact that a party failed to read it was not a good defense. Here the fraud is pleaded and proven.

3. Counsel for defendant say that an action for damages does not lie in a case of this kind. There are a number of remedies for fraud, which we need not go into. One of them is to recover damages in a proper case, of which this is one. The excessive notes that plaintiffs signed got into the hands of innocent third persons, who were entitled to action thereon. It is difficult to see how anything but a suit for damages would have compensated plaintiffs. Manifestly the subject of recission, discussed in *Ponder v. Altura Farms Co.,* 57 Colo. 519, 143 Pac. 570, which defendant's counsel cites, has no application here.

4. Counsel for defendant says that the representations were immaterial, but we fail to see how, when it involved $8,625, according to the testimony. Counsel also argue that there was no damage proven, but the obligation of the mortgage was $8,625 more than plaintiffs were led to believe was the contract. This would seem like a large amount to the average man. For some reason, the verdict was for only $1,000, and judgment was entered accordingly. The evidence justifies a larger award, but since plaintiffs do not complain to us about it, we shall not inquire into its sufficiency.

Judgment affirmed.

Mr. Chief Justice Denison, Mr. Justice Butler and Mr. Justice Campbell concur.