No. 12,060.

SCHTUL v. WILSON.

Decided April 9, 1928.

Action for damages for fraud and deceit. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Sufficiency of Evidence.* In an action based on fraud and deceit, evidence held sufficient to support a verdict for plaintiff.

2. DEBTOR AND CREDITOR—*Insolvency.* In an action based on fraud and deceit, when it was shown in evidence that the maker of a note did not have the property which he was represented to have, upon the credit of which the note was taken by plaintiff, there was prima facie proof of his insolvency.

3. EVIDENCE—*Prima Facie Case.* In determining whether a prima facie case has been made, the question is: Are there facts in evidence which if unanswered would justify men of ordinary reason and fairness in affirming the question which the plaintiff is bound to maintain?

4. ACTIONS—*Contract—Rescission.* In an action based on deceit and false representations, the contention of defendant that plaintiff by an offer to rescind elected not to sue for damages, overruled, it appearing that owing to acts of defendant there could be no rescission.

5. PLEADING—*Fraud and Deceit.* Complaint in an action for fraud and deceit, held sufficient.

6. Fraud—*False Representations—Defense.* In an action based on fraud and deceit, it is no defense that plaintiff might, by inquiry, have ascertained the facts regarding which alleged false representations were made. He was not bound to inquire.

7. Appeal and Error—*Improper Argument.* A judgment will not be reversed on the ground of improper argument to the jury where the bill of exceptions shows no motion with respect to such argument, nor any ruling of the court thereon.

8. Judgment—*Body Execution—Summons.* In an action for damages for fraud and wilful deceit, the contention of defendant that the summons showed no tort, and that therefore no body execution was justified, overruled.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Mr. D. H. Morris, for plaintiff in error.

Mr. John Hipp, for defendant in error.

*Department One.*

Mr. Chief Justice Denison delivered the opinion of the court.

Wilson had a verdict and judgment in an action brought by him against Schtul for deceit, with a finding of malice, fraud and wilful deceit. The latter brings error and moves for supersedeas. Each party asks us to determine the case on this motion.

The deceit complained of was that Schtul induced Wilson to accept a note of one Bentley for $520 in part payment for certain land by representing that Bentley was solvent; that he was the owner of a large cattle ranch in Elbert county, and of five or six hundred head of cattle and that he was so good financially that no security need be taken, all of which defendant knew to be false.

1.   Defendant's first proposition is that the evidence was insufficient to support the verdict. We think it was sufficient. There was evidence that defendant stated that Bentley owned a ranch and cattle in Elbert county, and that he so stated for the purpose of inducing and thus did induce plaintiff to accept Bentley's note; that Bentley then owned no ranch or cattle, which defendant knew. There was no evidence that Bentley had any other property. This evidence was sufficient.

Defendant claims, however, that there was no proof of damages, because there was no evidence that Bentley had no other property and therefore the note might be good although he had not the property which he was represented to have and so plaintiff would have suffered no loss; and that therefore there should have been evidence that he was insolvent to make a complete case for the plaintiff. We think, however, that when it was shown that Bentley had not the property which he was represented to have, upon the credit of which the note was taken, that there is prima facie proof of insolvency. The question in all such cases is this: "Are there facts in evidence which if unanswered would justify men of ordinary reason and fairness in affirming the question which the plaintiff is bound to maintain." Brett, J., in *Bridges v. R. Co.,* L. R. 7 H. L. 213, quoted in 4 Wig. Ev. § 2494.

Tested by this rule there was evidence of insolvency. Any twelve men outside of a jury-box would conclude from this evidence that Bentley was insolvent. If he had other property, so that the note was good, why the false statement?

2.   Defendant's second proposition is that plaintiff by offer to rescind elected not to sue for damages, but it appears from the briefs that defendant had sold the property which he received from plaintiff, so there could be no rescission.

3.   The defendant's third proposition is that the complaint states no cause of action, either tort or contract;

it stated, however, the facts which we have shown above which are sufficient.

4. The court refused defendant's instruction No. 1: "You are instructed that the law insists that one must be cautious and vigilant in protection of oneself and in looking out for one's own interest and must not rely too much upon what others say or represent to him or them. If you find from the evidence that the parties herein were upon an equality of footing and that the subject matter, namely, the notes were open to inspection of both parties alike, and that there was no fiduciary or confidential relation and no warranty of the facts, the plaintiff must show that he availed himself of the facts, the plaintiff must show that he availed himself of the means of information existing at the time of the transaction, before he will be heard to say that he has been deceived by the misrepresentations of the other party."

It is claimed that this refusal was error because plaintiff might have found all about Bentley's insolvency if he had inquired. He was not bound to inquire. *Colo. Mtg. Co. v. Wilson,* 83, Colo. 254, 263 Pac. 406; *Hanson v. Chamberlin,* 76 Colo. 562, 564, 233 Pac. 830; *Waid v. Hobson,* 17 Colo. App. 54, 67 Pac. 176; *Zang v. Adams,* 23 Colo. 408, 48 Pac. 509, 58 Am. St. Rep. 249; *Colo. Inv. Loan Co. v. Beuchat,* 48 Colo. 494, 501, 502, 111 Pac. 61; *Carlson v. Akeyson,* 65 Colo. 35, 39, 172 Pac. 1058; 26 C. J. 1147.

5. It is claimed that the verdict is the result of prejudice and passion. We do not think the record shows such to be the case, but even so no such matter was in the motion for a new trial. True, in that motion the point was made that plaintiff's counsel had made improper insinuations in his argument to the jury, and the bill of exceptions shows that "the defendant objects and excepts to the statements made by counsel for the plaintiff," but it shows no motion with respect to such statements, nor any ruling of the court with respect thereto. If, then, the remarks of plaintiff's counsel were

prejudicial and inexcusable, which we do not say, they cannot be ground for reversal in this court. *Cook v. Doud,* 14 Colo. 486, 23 Pac. 906; *In re Thomas' Estate,* 26 Colo. 110, 117, 56 Pac. 907; *Ames v. Patridge,* 13 Colo. App. 407, 58 Pac. 341; *Corbin v. Dunklee,* 14 Colo. App. 337, 59 Pac. 842. Plaintiff's counsel claims that the door for his remarks was opened by remarks of defendant's counsel. The record does not show, in haec verba, what either of the counsel said. Under this state of affairs it was doubly desirable that the court should have ruled on defendant's objection. It may well be that something would have appeared that would have justified or excused or atoned for the offensive remarks.

6. The verdict found malice, fraud and wilful deceit, supporting imprisonment for payment of the judgment. It is claimed that the summons showed no tort and that so, under *Erisman v. McCarty,* 77 Colo. 289, 236 Pac. 777, no execution against the body is justified. We think, however, that the summons shows a tort. It demands damages for ''fraudulently and deceitfully pretending that a promissory note, given by Mr. Lester Bentley to the defendant was a good note and that the said Lester Bentley was financially able to pay the same * * *.'' This indicates tort and nothing else, and there is no suggestion of contract in the summons.

Supersedeas denied and judgment affirmed.

MR. JUSTICE BURKE, MR. JUSTICE WALKER and MR. JUSTICE WHITFORD concur.