## No. 12,207.

MASSER, ET AL. *v.* FOXWORTHY.

Decided September 30, 1929.

Messrs. Pershing, Nye, Tallmadge & Bosworth, Mr. Lewis A. Dick, for plaintiffs in error.

Mr. Frank L. Hays, Mr. Joe H. Ross, for defendant in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

Foxworthy sued Masser, a real estate dealer, and his wife, charging that by reason of false representations he was induced to trade his farm property for a Denver residence owned by them. The lower court found the equities for the plaintiff and ordered the cancellation of Foxworthy's deed to Mrs. Masser and the reconveyance to him of his property therein described. Defendants assign error, contending that the findings of fact and the decree are not supported by the evidence.

The record discloses that Foxworthy owned a homestead of 320 acres in Adams county upon which he had resided for about ten years until he came to Denver because of his health early in June of 1927. He was 65 years old, ignorant, and a chronic asthmatic. He desired to exchange his homestead for income property in Denver. Mrs. Masser was the owner of an old residence at 365 Pearl street, encumbered for $2,500. Foxworthy met Masser through Heath, a real estate dealer in Fort Morgan, and the three visited Masser's property on June 4th, 1927. An inspection of the outside of the residence and garage was made. The inside was not inspected because the tenant was not at home. Ac-

cording to Foxworthy's testimony, representations by the defendant, James B. Masser, were there made that the house was rented for $35 a month; that it was in good condition and newly decorated throughout; that the interior was in need of no repair; that there was a full basement, floor and walls cemented and in good condition; that defendant stated he never disturbed tenants and that he, Foxworthy, did not see the interior of the house until after the contract was signed. The contract in question was signed June 5, 1927, resulting in plaintiff deeding to defendant, Mrs. Masser, his homestead in exchange for the residence at 365 Pearl street, subject to the original $2,500 encumbrance and a second deed of trust for $2,500 given by Foxworthy. Subsequently, upon the investigation of the interior, Foxworthy testified that the roof leaked badly; the walls were wet, paper loose, the upstair rooms all in need of decoration and repair; there was no finished basement; a dirt floor in the cellar; the cellar walls dripped with water and there was a musty smell in the downstairs bedroom.

Foxworthy immediately demanded a return of his farm. This action was thereupon instituted. Among other charges of fraud alleged, are false representations with reference to the condition of the exterior and the interior of the house. Defendants contend that the plaintiff made a complete independent investigation of the condition of the property and its value, and that they cannot be charged with false representations concerning the interior of the house, the facts concerning which could have been determined from an exterior investigation. Water from the adjoining house drained into an opening in Masser's cellar causing the wet walls. The value of plaintiff's homestead was between two and three thousand dollars. The value of defendant's residence was less than the amount of the two encumbrances aggregating $5,000.

It is true that defendants' witnesses testified that said

property was worth from seven to eight thousand dollars, but this was based entirely upon a contingent possibility that the property might be used as an apartment house site. This is too highly speculative and remote to be entitled to much weight.

The record clearly discloses that the statements and conduct of defendant Masser (his wife is merely a nominal defendant) lulled plaintiff into the belief that the interior of the house was in the good condition represented by Masser. The outward appearances of the house were good. Plaintiff had no reason to suspect that the interior was in a bad condition.

■ The effect of defendants' contention is that plaintiff's failure to investigate the condition of the interior of the property precludes him from charging the defendants with false representations concerning the same.

We cannot agree with this contention, under the facts as here presented. Foxworthy was not bound to investigate the condition of the interior. *Schtul v. Wilson*, 83 Colo. 528, 266 Pac. 1112; *Colo. Mtg. Co. v. Wilson*, 83 Colo. 254, 263 Pac. 406; *Hanson v. Chamberlin*, 76 Colo. 562, 564, 233 Pac. 830; *Waid v. Hobson*, 17 Colo. App. 54, 67 Pac. 176; *Zang v. Adams*, 23 Colo. 408, 48 Pac. 509, 58 Am. St. Rep. 249; *Colo. Inv. Loan Co. v. Beuchat*, 48 Colo. 494, 501, 502, 111 Pac. 61; *Carlson v. Akeyson*, 65 Colo. 35, 39, 172 Pac. 1058; 26 C. J. 1147.

■ In *Clark v. Giacomini*, 85 Colo. 530, 534, 277 Pac. 306, we held that, "One who has intentionally perpetrated a fraud should not be heard to say that greater vigilance upon the part of the one defrauded would have avoided it."

The record discloses ample evidence upon which the findings of the lower court can and should be upheld. By the transfer, defendant obtained something for nothing and plaintiff lost his ranch and obtained nothing in return and assumed an obligation to pay a deficiency judgment.

Under the facts in evidence, the perpetrator of such

an unconscionable transfer cannot be heard to claim that the equities are in his favor.

Judgment is accordingly affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.