No. 12,958.

BUCCI *v.* PIZZA.
(6 P. [2d] 5)

Decided November 23, 1931.   Rehearing denied December 21, 1931.

Mr. I. E. SCHACHET, for plaintiff in error.

Mr. JOHN T. BARBRICK, Mr. GEORGE H. BLICKHAHN, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

PIZZA sued Bucci for damages and for cancellation of a trust deed and note given as part purchase price of lands sold by the latter to the former.  On trial to the court, Pizza recovered a substantial judgment.  Bucci

assigns error, asks for a supersedeas and the parties request final determination on this application. We refer to them as aligned at the trial.

The grounds of the complaint were fraudulent representations practiced on Pizza by Bucci in the above sale, on which the former relied, particularly with reference to the amount of water appurtenant to the lands and available for the irrigation thereof.

Two errors are assigned: First, that the court erred in refusing to grant defendant's motion for nonsuit; and second, that the findings and judgment are contrary to law and not supported by the evidence. Whatever discussion is required can be covered under the subject of the evidence.

The supposition that the evidence was insufficient is not supported by the record. Plaintiff amply proved her case by the testimony of the water commissioner and others as to the continuous lack of water supply for the land in question. She amplified this point and proved all other essential allegations by competent witnesses. The court could not have well rendered any other findings, judgment or decree. Bucci was the only witness on his own behalf. He denied the charges, but if the testimony can be called conflicting, the usual rule applies; the findings will remain. *Kobebell v. Diers Bros.,* 87 Colo. 67, 70, 285 Pac. 165.

It is argued that plaintiff cannot recover because even if the representations were false, she should have known better; that she could have ascertained their falsity by further inquiry. If this were the law it would place a premium on the abuse of confidence. Plaintiff relied and had a right to rely on the word of her supposed friend. It is not necessary to go into the subject of the elements that comprise actionable deceit; they have been often discussed and were all present. Plaintiff's credulity and lack of greater diligence does not absolve defendant from the consequences of his misrepresentations. *Zang v. Adams,* 23 Colo. 408, 412, 48 Pac.

509; *Carlson v. Akeyson,* 65 Colo. 35, 39, 172 Pac. 1058; *Hanson v. Chamberlin,* 76 Colo. 562, 564, 233 Pac. 830.

Judgment affirmed.

MR. JUSTICE CAMPBELL, MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.