[No. 6677.]

## THE COLORADO AND SOUTHERN RAILWAY COMPANY v. KING ET AL.

1. CONSTITUTIONAL LAW—*Judgment Grounded on Void Statutes*—A judgment grounded solely upon a statute which this court has declared to be unconstitutional will be reversed.

*Appeal from Larimer District Court*—HON. JAMES E. GARRIGUES, Judge.

Mr. E. E. WHITTED and Mr. ROBERT H. WIDDICOMBE for appellant.

Messrs. TRINDLE & SIMPSON for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the Court.

The action was by plaintiffs, appellees here, to recover from the defendant, appellant here, damages in the sum of $1,200.00, for negligently, with its engine and cars, running upon, over and against, and thus killing some, and maiming others, of a number of horses and mules described in the complaint, the property of plaintiffs. Two causes of action are stated. One, based upon the statute requiring railway companies to erect and maintain fences and gates along their tracks and rights of way, passed in 1902 at the extra session of the thirteenth General Assembly. The other upon the

common law, which makes a railway company liable for the killing of stock, through the negligent or careless operation of its trains. Trial was to the court, with findings for plaintiffs, and judgment thereon for $1,185.00. The defendant brings the case here on appeal to review that judgment.

The court below found specifically that there was no proof at all of common law negligence, and that there could be no recovery in the case on the cause of action thus laid. No complaint is made of this finding and no cross-errors are assigned.

The findings and judgment in favor of plaintiffs were and are based solely upon the failure of the defendant company to fence its tracks and right of way and maintain such fencing, as required by the legislative act already herein referred to. That act has by this court been declared unconstitutional, in the case of *The Denver and Rio Grande Railroad Company v. Moss,* decided at the January, 1911, term, and therefore no recovery under it can be upheld.

Since at the trial, as found by the court, no evidence was introduced to establish common law negligence, it must be assumed that there is none, or if there be, it is clear that the plaintiffs have waived their right to be heard upon it, because of failure to offer the same according to the opportunity already afforded.

The judgment is reversed and the cause is remanded to the District Court, with directions to dismiss it.                              *Judgment reversed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE WHITE concur.