[No. 7250]

### Denver & Rio Grande Railroad Company v. Shaw.

1. Appeal from Justice—*Issues—How Ascertained*—In an action originating before a justice of the peace, there being no written pleadings, the plaintiff's theory of his case is ascertained from the proceedings upon the trial.

Action for the value of a colt alleged to have been killed by one of defendant's trains. On appeal to the county court there was a verdict and judgment for plaintiff, for an amount, which, as contended by plaintiff's counsel, included interest on the value of the animal. But only under the

act of March 14, 1902, (Laws 1902 c. 1, Rev. Stat. secs. 5480-5496) was plaintiff entitled to interest. Held therefore, that the action must be regarded as one founded upon the statute in question, and that statute having been declared unconstitutional, the judgment was reversed.

2. APPEAL—*Admissions of Counsel—Effect*—The contention of counsel as to the manner in which the jury arrived at their verdict, accepted, and the judgment founded thereon.

3. INTEREST—*When Allowed*—In an action against a railway company for the negligent killing of live stock the plaintiff is not, in the absence of statute, entitled to interest.

*Error to El Paso County Court.*—Hon. JOHN E. LITTLE, Judge.

Mr. E. N. CLARK, Mr. J. G. McMURRY, for plaintiff in error.

Mr. FRANK J. BAKER, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

1. This action is for the value of a colt killed by defendant's train November 26, 1908. The case was commenced and tried in a justice court, where the jury found for the plaintiff. On appeal to the county court, plaintiff again obtained a judgment, and the company brings the case here on error.

The legislature in 1902, at a special session, passed an act in relation to fencing railroads which, if valid, went into effect June 13, 1902. (See Session Laws 1902, p. 23.) We have twice declared this act unconstitutional. *Denver Co. v. Moss,* 50 Colo. 282, 115 Pac. 696; *C. & S. Co. v. King,* 51 Colo. 181, 116 Pac. 142.

The only question before us is whether the case was brought, tried and recovery had under this act. If it was, the judgment will have to be reversed for the reasons given in the former opinions.

2.   Being a justice case, there are no written pleadings, and we ascertain plaintiff's theory of his case from the proceedings on the trial.   The railroad ran through plaintiff's pasture.   He testified the right of way was fenced June 13, 1902 (which is the date the fencing act was supposed to have gone into effect), and continued to be fenced; that he had three colts in the pasture; that the fence was damaged by the wind blowing timber on it, and the colts got onto the right of way, through the right of way fence, where the top wire was down; that about dusk a neighbor phoned him his colts were out; he drove two of them back, and the next morning found the third in a mangled condition by the side of the track, 50 or 100 feet from where the fence was damaged; that he notified the company within six months, as provided by section 6 of the act, which notice contained the following clause:   "This notice is given under and by the provisions of section 3713-c Mills' Annotated Statutes of Colorado."   (Sec. 6, act of 1902, p. 26, S. L. 1902.)

The court instructed the jury this was an action against the company to recover damages for the killing of a colt, and that the burden of proof rested upon plaintiff.   It then gave instructions 2 and 3, as follows:

"2.   You are instructed that it was the duty of the defendant to fence its track, at the place of the killing of the colt in question, with a fence sufficient to prevent stock from getting on defendant's railroad, and to keep such fence in repairs.

"3.   You are instructed that if you find from the evidence that the plaintiff was the owner, or the assignee of the owner of the colt in question at the time of the commencement of this action, and that the defendant owned and operated its railroad tracks through the Roby ranch in El Paso county, on the 13th day of June, 1902, and at all times since said date, and that on or about the

26th day of November, 1908, it failed to keep in repair a suitable fence on each side of its tracks to prevent stock from getting on its tracks at said place, and that by reason thereof, the colt in question got onto the tracks of the defendant and was killed by one of defendant's trains, as alleged, and that thereafter and within six months from the date of said killing, plaintiff gave notice to defendant under oath, of said killing, and made a demand on the defendant for the value of said colt, then you should find the issues herein joined in favor of the plaintiff; otherwise you should find in favor of the defendant.''

Appellee in his brief states that the verdict, which was for $188.60, was presumably arrived at by the jury finding the colt to be worth $175.00, the value placed upon it by the plaintiff, and $13.60 interest on that amount at 8 per cent per annum. Section 7 of the act of 1902 provides for interest, and unless the action was based on that statute, plaintiff would not be entitled to recover it.

In consideration of the foregoing, we think the conclusion is irresistible that the case was brought and tried under the unconstitutional act, and the judgment must be reversed.

<em>Reversed.</em>

Chief Justice Musser and Mr. Justice Scott concur.