No. 12,100.

CLARK v. GIACOMINI.

Decided April 29, 1929.

Messrs. DANFORTH & KAVANAGH, for plaintiff in error.

Messrs. WEBSTER, WEST & DRATH, Mr. LAWRENCE GIA-
COMINI, for defendant in error.

*Department Two.*

Mr. Justice Moore delivered the opinion of the court.

Parties are referred to as in the lower court. Plaintiff had a verdict and judgment for $3,120 upon a complaint charging false representations in the sale of stock. Upon a finding in the verdict that, in committing the tort complained of, the defendant was guilty of fraud and willful deceit, the court ordered the defendant incarcerated for a period of four months or until the amount of the judgment was paid. Defendant now seeks a reversal of this judgment. His assignment of errors contains 26 specifications, of which the following merit consideration: (1) Rulings on certain evidence; (2) instructions; (3) interest.

Prefacing the consideration of these facts, a brief summary of the history and character of this case should be given. In a former trial hereof, Giacomini had a verdict and judgment against Clark which was reversed by this court and a new trial granted. *Clark v. Giacomini*, 78 Colo. 551, 243 Pac. 620.

We there held that the complaint stated a cause of action, but that the representation therein contained "of authority to agree to payment of the notes out of dividends, however, was not a ground of action," and that the special verdict of the jury finding "That in committing the tort complained of, the defendant was guilty of fraud and willful deceit, consisting of a willful disregard of the rights of the plaintiff," was defective. The sole fraudulent representations relied upon for a recovery upon the retrial were that the defendant knowingly, willfully and falsely represented to the plaintiff that one J. P. Dillon had subscribed for and purchased $20,000 worth of stock of the Industrial Sugar Company and that Dominic Scalva had purchased $5,000 worth of said stock; that the plaintiff, believing the representations so made to be true, not knowing of their falsity, and relying thereon, he purchased the stock in question and that said representations were false in fact.

1. Defendant's sole defense was that the two representations hereinabove referred to were not made. In addition to his denial he testified, over plaintiff's objections, that he had been instructed by an officer of the sugar company not to tell anyone how much stock Dillon had bought; that this instruction had been given after Dillon had stated to the defendant, "I don't care to have the people in the territory know my business. I never let them know my business, anybody, what I buy or what I don't buy." Defendant further testified that he stated to said officer of the sugar company, " 'Well,' I says, 'many are asking me how much he has got,' and he says, 'You are not to tell that and be sure you don't do it.' I am sure that I did not do it." This testimony was given by the defendant, evidently for the express purpose of bolstering up his denial that he had stated to Giacomini that Dillon had bought $20,000 worth of stock, thereby giving the jury cause to believe that, because he had never told anyone how much stock Dillon had bought, he had not made such a representation to the plaintiff. Upon cross-examination, the defendant was interrogated as to whether he had not told one Scalva that Dillon had bought $20,000 worth of stock, which he denied. Upon rebuttal Scalva testified that the defendant had told him that Dillon had purchased $20,000 worth of stock. Defendant contends that the admission of this testimony was error because wholly immaterial and collateral to the issues.

The defendant, in an effort to prove his denial, having given immaterial testimony that he had been instructed to tell, and had told, no one how much stock Dillon had purchased, is not now in a position to object to testimony rebutting the same. *Snapp v. Manning*, 77 Colo. 268, 236 Pac. 131; *Scott S. & T. Co. v. Roberts*, 42 Colo. 280, 93 Pac. 1123; *Grimes v. Hill*, 15 Colo. 359, 25 Pac. 701.

2. Seven instructions were tendered by the defendant and refused by the court.

No. 1 instructs the jury to return a verdict for the defendant. It was not error to refuse this instruction because the record discloses evidence from which the jury could properly find for the plaintiff.

Instruction No. 2 was a brief recital of the issues. Instruction No. 1 given by the court, having fully explained the issues, it was not error to refuse this instruction.

Instruction No. 3 was apparently withdrawn.

Instruction No. 4 provided that, if the jury finds the evidence to be equally balanced, their verdict should be for the defendant. Instruction No. 2 given by the court provided that the plaintiff must establish his case by a fair preponderance of the evidence. Having given this instruction, it was not error to refuse the one requested.

Instruction No. 5 provided, in substance, that fraud must be clearly proven, and that it is never proven by conjecture or inference. Considering all of the instructions given by the court, it cannot be said that the failure to give instruction No. 5 was substantial, prejudicial error upon which a reversal of the case should be had.

Instruction No. 6 provided: ''That it is an essential element in a case of this nature, and it is necessary for the plaintiff to prove, that he not only relied upon the statements made to him by the defendant, if you find that such statements were made, as alleged in the plaintiff's complaint, but also that in so relying he was using reasonable diligence under all the circumstances surroundings the transaction as shown by the evidence in this case; and if you do not find that he used such diligence, your verdict must be for the defendant.'' This does not state the law and it was properly refused. One who has intentionally perpetrated a fraud should not be heard to say that greater vigilance upon the part of the one defrauded would have avoided it. *Zang v. Adams,* 23 Colo. 408, 411, 48 Pac. 509; *Hanson v. Chamberlin,* 76 Colo. 562, 233 Pac. 830; *Carlson v. Akeyson,* 65 Colo. 35, 172 Pac. 1067.

The instructions given by the court sufficiently cover the points sought to be developed by defendant's tendered instruction No. 7. No substantial, prejudicial error resulted by its refusal.

Defendant objects to instructions Nos. 3 and 6, given by the court on two grounds: (a) That the court failed to include therein a necessary element of fraud, scienter; (b) that malice must be found before a body judgment can be ordered, and, this being omitted in instruction No. 3, it was erroneous.

(a) No specific objection having been made with reference to the question of scienter, the defendant cannot now be permitted to present the same, for failure to comply with rule 7 of the Supreme Court which provides: ''The court shall afford respective counsel a reasonable time and opportunity to examine proposed instructions, * * * and to prepare and present specific objections thereto before such instructions are given to the jury. On motion for new trial, or on review by the supreme court, only the grounds so specified shall be considered.'' *State ex rel. v. Nelson,* 75 Colo. 98, 223 Pac. 1086; *Bijou Dist. v. Cateran Co.,* 73 Colo. 93, 213 Pac. 999; *LeDoux v. Horowitz,* 70 Colo. 402, 201 Pac. 880.

(b) The complaint charged in substance that the defendant, for the purpose of inducing plaintiff to buy stock, falsely made certain representations to the plaintiff; that said representations were false in fact, and known by the defendant to be false when made, and that the plaintiff, relying thereon and believing said representations to be true, bought stock and was thereby damaged. This is a charge of willful fraud, and the evidence introduced thereunder was sufficient to warrant the giving of the questioned instruction, and the jury in finding, as it did, that ''in committing the tort complained of, the defendant was guilty of fraud and willful deceit.''

Section 5964, C. L., 1921 provides: ''In any civil action pending * * * where it shall appear * * * that the action is founded upon tort, * * * the verdict of

the jury * * * shall state that in committing the tort complained of, the defendant * * * was * * * guilty of *either* malice, fraud, wilful deceit or negligence consisting of a reckless or wilful disregard of the rights or safety of others, then, and in any such case the plaintiff may have execution as hereinafter provided against the body of any defendant against whom such finding was had or any judgment rendered on any finding as aforesaid." The use of the word "either" eliminates the necessity of finding malice as a condition precedent to a body judgment in a tort action of this nature.

3. Judgment was for $3,120. Of this, $870 was allowed as interest upon $2,250, the sum alleged and found to have been paid out by the plaintiff as a result of said false representations. The allowance of said interest is assigned as error.

In this jurisdiction the decisions are uniform that interest is a creature of the statute and is recoverable, in the absence of contract, only in such cases as enumerated in the statute. *Denver S. P. & P. R. R. Co. v. Conway,* 8 Colo. 1, 5 Pac. 142; *Hawley v. Barker,* 5 Colo. 118; *Pettit v. Thalheimer,* 3 Colo. App. 355, 33 Pac. 277; *Denver, S. P. & P. R. R. Co. v. Moynahan,* 8 Colo. 56, 5 Pac. 811; *Denver & R. G. R. Co. v. Shaw,* 56 Colo. 103, 136 Pac. 1052.

Section 3778, C. L., 1921 provides that: "Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per cent per annum, for all moneys after they become due, on any bill, bond, promisssory note or other instrument of writing, or on any judgment recovered before any court or magistrate authorized to enter up the same within this state, from the day of entering upon [up] said judgment until satisfaction thereof be made; also on money due on mutual settlement of accounts from the date of such settlement, on money due on account from the date when the same became due, and on money received to the use of another and retained without the

owner's consent, expressed or implied, from the receipt thereof; and on money taken or retained and fraudulently converted to the taker's use from the time of the taking.'' Nothing therein contained can be construed to authorize the recovery of interest herein.

A careful examination of the record fails to support defendant's contentions that no case of fraud was proven and that the defendant did not have a fair trial. The judgment herein is modified by deducting the sum of $870, being interest not recoverable, and as so modified is affirmed.

Mr. Chief Justice Whitford, Mr. Justice Butler and Mr. Justice Burke concur.