No. 13,218.

NORTH AMERICAN SAVINGS AND LOAN ASSOCIATION ET AL. *v.* PHILLIPS.
(31 P. [2d] 492)

Decided March 26, 1934.

Mr. A. X. ERICKSON, Mr. EMORY L. O'CONNELL, for plaintiffs in error.

Mr. FRANK C. MYERS, Mr. JOHN S. FINE, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFFS in error were some of the defendants in the trial court where the plaintiff, who is defendant in error, recovered judgment against certain defendants, for $2,230, and body execution against three of the individual defendants. The North American Savings and Loan Association will be referred to as the defendant company, and other parties as plaintiff or defendants. The defendant company and codefendants assign error.

On December 13, 1930, plaintiff filed her complaint, designated as money demand and rescission, against the North American Savings and Loan Association, a corporation, William P. White, H. R. Seeley, E. M. White, E. D. Eales and T. A. Traylor, defendants. Upon the trial, defendants E. M. White and E. D. Eales, were dismissed from the case and judgment was entered on a verdict against the remaining defendants for the sum of $2,230, together with a finding that defendants William P. White, H. R. Seeley and T. A. Traylor were guilty of fraud or wilful deceit, upon which findings an order was entered for body execution against the last three named defendants.

The complaint contained two causes of action. By the first, it is alleged that on May 22, 1929, defendants Seeley, White and Traylor were stock and securities salesmen for defendant company, and as such made false representations and statements, knowing them to be false, for the purpose of inducing plaintiff to purchase stock in defendant company; that plaintiff, relying on the representations, so made, delivered to defendants a certificate of stock of the Republic Building and Loan Association, of alleged value of $2,000, in exchange for a certificate for 200 shares of Class "A" stock of defendant company. As a second cause of action, it is alleged, in substance, that the defendant company had filed a prospectus, relating to the stock purchased by plaintiff, with the sec-

retary of state, which contained false and fraudulent statements, which are set out.

Defendants answered, admitted that plaintiff had received stock in defendant company, the filing of a prospectus with the secretary of state, and for affirmative defense, alleged that plaintiff was guilty of laches, in that she had notice of all the facts alleged long before commencement of suit, during all of which time she had received dividends on said stock, and had made no protest; that plaintiff had no right to rely on any alleged statements made by defendants when by inquiry she could have ascertained the true facts.

On motion duly made, the court required plaintiff, at the close of her case, to elect upon which cause of action she would stand. She elected to stand on the first cause of action and the second cause of action was dismissed. Motions for nonsuit and directed verdict were denied.

For reversal, plaintiffs in error rely on three points: (1) There is no evidence upon which a verdict for damages could be predicated; (2) it was error to receive evidence and allow a verdict to be predicated upon alleged false statements by salesmen, when a prospectus containing the facts was on file; (3) it was error to receive evidence of alleged oral representations, in view of the terms of Exhibit A, the subscription application signed by plaintiff.

We believe, and so find, that disposition of the first point, relied on by plaintiff in error, determines this case.

Plaintiff exchanged a building and loan certificate, of uncertain value, so far as the evidence shows, for the stock of defendant company. She now has the stock she traded for, and a judgment for more than the face value of the stock she parted with. If the judgment is sustained and collected, she will be better off than when she made the trade. At the trial she made no tender back of the stock she received. She offered no evidence as to the value of the stock she received from defendant company as of the time of the trial. After a careful search

of the record, we find the following as the only, and nearest approach to, evidence of value. On direct examination, plaintiff testified: "Q. Mrs. Phillips, has this stock any value now, do you know? A. Well, I don't know whether it is or not; it don't look like it is; but I don't know as to that."

There is some testimony concerning the assets of the defendant company at the time of the exchange of stock, but it is too uncertain and indefinite to be of any value. Counsel for plaintiff on page 4 of their brief have this to say: "In our humble opinion and from the evidence found in the record of this case, the stock had very little value, if any, and was practically worthless." To go a step further, plaintiff did not even attempt to show what the stock was represented to be worth.

█ █ The true measure of damages, in this, and like cases, is the difference in value of what plaintiff was induced to part with, and the value of what she received in the transaction. *Keeney v. Angell,* 92 Colo. 213, 19 P. (2d) 215. How could this difference be determined from the evidence in this case, when for aught we know, that which she received may be of greater value than what she gave up? Verdicts must have more substance for their support than can be found in the record of this case. The evidence is not only insufficient to support the verdict, but amounts to no evidence, and the judgment based thereon must be reversed with directions to dismiss the complaint.

Mr. Chief Justice Adams and Mr. Justice Burke concur.