No. 17,992.

Byron V. Moreland, et al. v. E. H. Austin, et al.
(330 P. [2d] 136)

Decided September 15, 1958.   Rehearing denied October 14, 1958.

Mr. Lewis M. Perkins, Mr. Howell W. Cobb, Mr. Bentley M. McMullin, for plaintiffs in error.

Mr. E. Ellison Hatfield, Mr. William C. Horter, Mr. Benjamin E. Sweet, Mr. Arthur Cassidy, for defendants in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

The parties are here in the inverse order of their appearance in the trial court. We shall refer to plaintiffs in error as defendants and to defendants in error as plaintiffs.

The first count of plaintiffs' amended complaint alleged that pursuant to a written contract dated September 25, 1951, defendants sold to plaintiffs sixteen milk cows and certain land in La Plata County, Colorado, and that defendants "falsely and fraudulently and with intent to defraud the plaintiffs orally represented to the plaintiffs that said milk cows were not infected with brucellosis and that defendants had never had brucellosis in their herd." * * * "That representation was false in fact and known to be false by defendants at the time it was made, and in truth and in fact seven of said cows were infected with and said land contaminated with brucellosis prior to the time when said representation was made;" that "plaintiffs relied upon and believed the representation and were thereby induced to enter into the contract of purchase and to purchase said sixteen milk cows and said land" and that "by reason of the premises the plaintiffs have suffered damage in the sum of Ten Thousand Two Hundred Fifty-six Dollars and Sixty Cents * * *." Plaintiffs prayed for judgment in this amount, with interest.

The answer of defendants was a general denial of the alleged fraud and damage set forth in the amended complaint, together with a further defense that settlement in full had been made for all damages.

There were other claims set forth in the amended complaint, all of which were resolved by the trial court in favor of defendants, so the issues raised by the pleadings in the instant case are: Did the defendants make the false representations set forth in the amended complaint with the intent that plaintiffs should rely thereon and did the plaintiffs rely thereon. If these inquiries are resolved in favor of plaintiffs what is the amount of damages to which plaintiffs are entitled under the record here submitted?

Trial was to the court and resulted in findings for plaintiffs; that at least three of the cows purchased were infected with brucellosis at the time of sale, and that settlement was made between the parties for them, but four other cows were either infected or became infected from exposure to the infected cows and premises, and that plaintiffs suffered damages in depreciated market value of the additional four cows in the sum of $666.28. The trial court found that plaintiffs suffered further damages as follows:

"Haulage of four infected
    cows to sales barn .....................................$26.50
Fees paid to veterinarian ........................... 74.00
New lumber ................................................... 12.12
Gasoline for cleaning
    up premises ............................................... 36.75
                                                                                                             $149.37
Wages and board for man employed
    in cleaning up premises ................................ 800.00
Medicine, sprays, paints
    and disinfectants ...................................... 105.27
Labor expended by E. H. Austin
    and Ernest F. Austin in
    cleaning up premises ............................... 730.00
Note: The total of the above
    items is $1,784.64 ....................................

·Five dead calves aborted to
    brucellosis infected cows ......................................$  250.00
Loss in milk production from
    infected cows; First year ..................................  2,252.41
                                         —————

Total damages suffered by plaintiffs ................$4,953.33"

This total award of $4,953.33 includes the item of $666.28 above mentioned.

There is evidence in the record justifying the trial court in finding that the ranch premises were contaminated with brucellosis. The extent thereof and the amount of work necessary to free the premises from this infection does not appear.

Over objection the witness Mrs. Austin was allowed to testify regarding the cost of help to clean up the ranch, as follows: "The cost for the hired man of labor and his board altogether was $800.00, $600.00 for the wages, and $200.00 for the board. And then I figured at the rate of an hour a day for my husband and son. We just put down an hour a day at a $1.00 an hour for one year only, which would be $730.00."

With reference to the amount awarded for medicines and disinfectants the testimony was as follows:

"Q. Do you have a record of the medicines purchased? A. I have some checks for it, and also on the record on the books. Q. And what was the total amount for medicines? A. $105.27. Part of that was for sprays and disinfectants."

Concerning the item allowed for damages representing the loss of milk, the record discloses that the Austins "found old records that Mr. Moreland had left in the milk barn, so I took those records." In response to a question by the court, "What do you estimate for the first year — what was that figure," the witness Mrs. Austin replied, "$2,252.41."

The entire testimony in regard to the loss of milk production was an estimate made by Mrs. Austin based on

an alleged record supposedly kept by the Morelands which Austins found in the dairy barn. Nothing was taken into account for the cost of producing the milk, and the so-called Moreland record was not verified in any particular. As above quoted, Mrs. Austin "estimated" the loss of milk production.

The judgment entered included interest on the amount of damages found ($4,953.33) at the statutory rate from the date of the commencement of the action, and counsel for plaintiffs in error contend that the allowance of interest was error under the authority of *Keeney v. Angell,* 92 Colo. 213, 19 P. (2d) 215. In *Clark v. Giacomini,* 85 Colo. 530, 277 P. (2d) 306, this court said that interest is not recoverable in an action for damages occasioned by fraud and deceit. Such, also, was the holding in *Keeney v. Angell,* supra. The trial court erred in allowing interest from the date of the filing of the complaint. Interest is a creature of statute, and our statute makes no provision for interest on unliquidated damages which may be awarded in actions of this kind. The judgment must, therefore, be reduced eliminating therefrom the interest allowed on the damages recoverable from the date of the institution of the complaint to the date of judgment.

In addition to the elimination of interest, and for the reason that we believe the proof wholly inadequate to establish the necessity of the several items, there must be eliminated from the judgment as entered the following items:

Wages and board for man employed in cleaning up premises, $800.00.

Medicines, sprays, paints and disinfectants, $105.27.

Labor expended by E. H. Austin and Ernest F. Austin in cleaning up premises $730.00; loss in milk production from infected cows $2,252.41.

The judgment so far as it relates to plaintiffs' right to recover is affirmed and the cause is remanded to the

district court with directions to modify the judgment in accordance with this opinion.

MR. JUSTICE DAY not participating.