No. 20748.

HOLLAND FURNACE COMPANY *v*. MARY JANE ROBSON.
(402 P.2d 628)

Decided June 1, 1965.

LAW, NAGEL and CLARK, for plaintiff in error.

CADDES and CAPRA, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

THE defendant in error, Mrs. Mary Jane Robson, will be referred to as Mrs. Robson, or as plaintiff. The plaintiff in error, the Holland Furnace Company, will be referred to as the Company, or as defendant. Mrs. Robson brought this action in the Denver District Court to recover damages for injuries she allegedly sustained as a result of fraudulent representations made by the Company's agents.

The evidence produced at the trial, viewed in the light most favorable to the prevailing party, showed that on November 29, 1960, two of the Company's mechanics came to Mrs. Robson's residence to clean the Holland furnace in her house. They turned the furnace off and began to dismantle it. While the furnace was being dismantled, one or two more agents of the company came to supervise the cleaning.

While the furnace was in pieces on the basement floor, one of the men called Mrs. Robson to the basement and advised her that the furnace was dangerous, and should be replaced. The defects were explained to her in rather technical terms, and she was told that gas would escape

as a result of the defects. She became extremely distraught and nervous, and relying on the representations made, decided it was necessary to purchase a new Holland furnace. She made a down payment and signed a promissory note for the balance providing for monthly payments beginning February 1, 1961.

A new model Holland furnace was installed within a few hours, and the Company's agents then left, taking the pieces of Mrs. Robson's old furnace with them. The promissory note which she had signed for the balance due was almost immediately negotiated to the Denver United States National Bank by the Company. An F.H.A. Certificate of Completion dated December 19, 1960, signed by Mrs. Robson and containing the statement that the work and material had been satisfactorily completed, also appears in the record.

Mrs. Robson was 77 years old at the time of the events complained of. Because of two heart attacks, she had recently been in the hospital and was still in a weakened physical condition and she testified that she had told the Company's agents of this. She testified that she was in no condition to be doing business on that day because she was ill. She also testified that it was a very cold day, and the men had turned off her heat. She was cold and concerned that she might not have heat for her house. She said that it took all four of the Company's agents to talk her into the purchase, and that the purchase was forced on her. The following answer of hers at the trial indicates her condition on that day: "Well, I was in condition — I didn't know what I was doing — I couldn't say, because I was wrought up."

The complaint was filed on February 2, 1961. It alleged, in substance, that the plaintiff had been induced to enter into a contract for the purchase of the new furnace by the false statements of the defendant's agents as to the condition of her old furnace.

The case was tried to the court, which rendered judg-

ment for the plaintiff. It awarded her damages of $1418.40 with interest at the statutory rate of six per cent from the date the complaint was filed, and exemplary damages of $1000. The Company brought writ of error here, presenting five arguments for our consideration.

The Company first argues that the trial court erred in denying its motion to dismiss the action for the reason that the plaintiff had, by her acts, ratified and condoned the transaction and had thereby waived any action based upon fraud in the inducement of the contract. It is alleged that the ratification of the contract occurred in two ways: (1) she elected to carry out and receive the benefits of the contract, and (2) she signed a Federal Housing Authority completion certificate, dated December 19, 1960, expressing satisfaction with the work done.

The Company argues that ratification of the contract is shown by Mrs. Robson's retention of the new furnace, and her failure to complain immediately about the events of November 29, 1960. But the record here shows that the period of time between the execution of the contract and the filing of the suit was only two months. Moreover, there is evidence to show that shortly after the installation of the furnace Mrs. Robson made an attempt to advise the bank which she thought held the note that she had been defrauded and was not going to pay. When she was unable to communicate with the right bank, she had her attorney file suit.

The Company also argues that since the completion certificate was dated December 19, 1960, it must have been signed on that date, and that, having expressed satisfaction with the work after a three week "cooling-off" period, Mrs. Robson had indicated her ratification of the contract.

The Company's evidence was the completion certificate itself, with the date December 19, 1960, written on it. No one testified that Mrs. Robson had actually

signed the instrument on that date. On the contrary, Mrs. Robson stated that she did not remember signing it, but that, in any event, no representative of Holland ever returned to her house after November 29. There was also evidence that the mechanics always carried the completion certificates, and had the customers sign them when they completed their work.

■■ The general rule is that to sustain the defense of ratification against the charge of fraud in the inducement it must appear that the defrauded party, with full knowledge of the truth respecting the false representations, elected to continue to carry out the agreement. *Bankers Trust Co. v. International Trust Co.*, 108 Colo. 15, 113 P.2d 656. Whether fraud was waived involves questions of fact, particularly the fact of intent. We cannot say that the evidence here required the trial court to make a finding that as a matter of law Mrs. Robson had intended to ratify this contract and thereby waive an action in fraud.

■ The Company's second argument is that the trial court erred in rendering judgment for the plaintiff for the reason that there is insufficient evidence in the record to support the finding that the plaintiff's furnace was not dangerous before it was dismantled, nor that it was unsafe. There is evidence in the record which shows that Mrs. Robson's old furnace had been operating well, that no gas had been escaping from it, and that it was not dangerous and unsafe. The findings of a trial court sitting without a jury are binding and conclusive on review by writ of error unless the evidence is wholly insufficient to sustain them. *Andersen-Randolph Co. v. Taylor*, 146 Colo. 170, 361 P.2d 142.

■ The Company next argues that the trial court erred in its assessment of damages, in that it awarded Mrs. Robson $1418.40 as actual damages, but allowed her to keep the new furnace. It is urged that she was thus allowed to rescind *and* recover damages. This con-

tention is based on an inaccurate analysis of the situation present here.

Mrs. Robson could not offer to return to the status of the parties as it existed before the contract was signed. This was so because the Company had effectively prevented a return to the *status quo* by dismantling the old furnace into pieces, turning it into "junk," — as the Company itself stated on the contract it drew — and then taking the pieces away. Under the circumstances, therefore, the judgment of the court awarded Mrs. Robson the loss which she had sustained by reason of the fraud and deceit which the court found had been practiced upon her by the Company. That Mrs. Robson was permitted also to keep the new furnace does not constitute unjust enrichment, as the Company contends. It is merely the retributive result of the fact that the Company, by reason of its own deceit, had dismantled and removed the old furnace from her home. The new furnace, as the trial court found, conferred no benefit upon her because no new installation was indeed needed at the time the Company persuaded Mrs. Robson to purchase the new furnace.

■ The trial court also awarded Mrs. Robson interest from the date of filing the complaint. This was error. This Court has consistently held that no interest may be recovered in an action for fraud and deceit. *Moreland v. Austin,* 138 Colo. 78, 330 P.2d 136; *Keeney v. Angell,* 92 Colo. 213, 19 P.2d 215; *Clark v. Giacomini,* 85 Colo. 530, 277 Pac. 306. The portion of the award consisting of interest must be eliminated from the judgment.

■ The last point raised for our consideration concerns the award of exemplary damages against the Company. The Company is correct in its assertion that the award was error. The principal cannot be held liable in exemplary damages for the act of an agent, unless it is shown that it authorized or approved the act for which exemplary damages are claimed; or, that it ap-

proved of or participated in the wrong of its agent; or, that it failed to exercise proper care in selecting its servants. *Great Western Railway Co. v. Drorbaugh,* 24 Colo. App. 188, 134 Pac. 168; Restatement (Second), *Agency* § 217C. The record is silent as to whether any of these possibilities occurred. Consequently, the award of $1000 as exemplary damages must also be eliminated from the judgment.

The judgment of the trial court is modified by eliminating from its terms the award of interest from February 2, 1961, to the date of judgment, and the award of exemplary damages in the amount of $1000, and, as modified, the judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.